NO. 07-05-0370-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2006
_____

MICHAEL JOE MORGAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,250-B; HON. JOHN BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Michael Joe Morgan appeals his conviction for intoxication manslaughter. He pled guilty to the offense, and the allegation of the use of a deadly weapon was tried to a jury. The jury found appellant guilty, made a deadly weapon finding, and sentenced him to 15 years imprisonment.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein she certified that, after diligently searching the record, that the appeal was without merit. Along with her brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's conclusion and of appellant's right to file a response or brief *pro se.* By letter dated March 21, 2006, this court also notified appellant of his right to tender his own brief or response and set April 20, 2006, as the deadline to do so. To date, appellant has filed neither a response, brief, nor request for an extension of time.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed various areas for possible appeal including the effectiveness of trial counsel, the sufficiency of the evidence to support the deadly weapon finding, and the failure of the trial court to admonish appellant as to the range of punishment prior to accepting his plea of guilty. However, counsel has explained why each potential issue lacks merit. We have also conducted our own review of the record, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991), to assess the accuracy of appellate counsel's representations and to uncover any error. It not only confirmed counsel's representations but failed to reveal reversible error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

                                        Brian Quinn
                                        Chief Justice

Do not publish.

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).